| Respond to Selected Documents

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**12/16/2025**

    **Pet Filed in Circuit Ct**
    Petition.
        **Filed By:** GUOLONG CHEN
        **On Behalf Of:** TROY MILLER

    **Entry of Appearance Filed**
    Entry of Appearance - JAO JC.
        **Filed By:** GUOLONG CHEN
        **On Behalf Of:** TROY MILLER

    **Motion Special Process Server**
    Motion for Special Process Server.
        **Filed By:** GUOLONG CHEN
        **On Behalf Of:** TROY MILLER

    **Filing Info Sheet eFiling**

        **Filed By:** GUOLONG CHEN

**12/18/2025**

    **Motion Special Process Server**
    Motion for Special Process Server.
        **Filed By:** GUOLONG CHEN
        **On Behalf Of:** TROY MILLER

    **Proposed Order Filed**
    Proposed Order Re Appointment of Special Process Server.
        **Filed By:** GUOLONG CHEN
        **On Behalf Of:** TROY MILLER

    **Order**
    Order for Special Process Server

**01/06/2026**

    **Summons Issued-Circuit**
    Document ID: 26-SMCC-1, for HECTOR, LARA LUIS
    **Summons Issued-Circuit**
    Document ID: 26-SMCC-2, for ROYAL FREIGHT, LP

**01/08/2026**

    **Notc Change of Address Filed**
    Notice of Change of Address.
        **Filed By:** GUOLONG CHEN
        **On Behalf Of:** TROY MILLER

**01/27/2026**

    **Summ Req-Circ Pers Serv O/S**
    Return of Service - Lara Hector.
        **Filed By:** GUOLONG CHEN
        **On Behalf Of:** TROY MILLER

**01/28/2026**

    **Family Member/Roommate Served**
    Document ID - 26-SMCC-1; Served To - LARA LUIS HECTOR; Served Date - 01/27/2026; Served Time - 17:30:00; Service Type - SP; Reason Description - SERV; Service Text -Served Genovera Lara

**02/03/2026**

    **Summ Req-Circ Pers Serv O/S**
    Return of Service - Royal Freight LP.
        **Filed By:** GUOLONG CHEN
        **On Behalf Of:** TROY MILLER

**02/05/2026**

    **Summons Personally Served**
    Document ID - 26-SMCC-2; Served To - ROYAL FREIGHT, LP; Served Date - 02/05/2026; Served Time - 08:24:41; Service Type - SP; Reason Description - SERV; Service Text -

**EXHIBIT 1**

Electronically Filed - DeKalb - December 16, 2025 - 04:39 PM

**IN THE CIRCUIT COURT OF THE DEKALB COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| VICTORIA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No: |
| HECTOR LUIS LARA, | ) | |
| Serve at: | ) | Division: |
| 1155 Calle Terrestre | ) | |
| Brownsville, TX 78520 | ) | |
| | ) | |
| and | ) | **Jury Trial Demanded** |
| | ) | |
| ROYAL FREIGHT, LP, | ) | |
| Serve at: | ) | |
| 407 West Sioux Road | ) | |
| Pharr, TX 78577 | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION**

COMES NOW Plaintiff Troy Eugene Miller, by and through the undersigned

counsel, and for his Petition states as follows:

**Parties, Venue, and Jurisdiction**

1.    Plaintiff Troy Eugene Miller ("Plaintiff Miller") is a resident of Grady

County, Oklahoma, and an individual over the age of 21 years.

2.    Defendant Hector Luis Lara ("Defendant Lara") is a resident of

Cameron County, State of Texas, and an individual over the age of 21 years.

3.    Defendant Royal Freight, LP ("Defendant Royal Freight") is a

commercial transportation and freight-hauling company with its principal place of

business located in McAllen, Texas. It operates tractor-trailers engaged in interstate commerce, including in the State of Missouri.

4.      Defendant Royal Freight, LP is the employer of Defendant Lara and the motor carrier that owns the 2019 white Peterbilt 579 tractor (Texas license plate R4560HY) and the attached 2011 Utility VS2 trailer (Tennessee license plate 131980T).

5.      Venue and jurisdiction are proper under RSMo §508.010 because the automobile crash occurred in DeKalb County, Missouri, and Miller was first injured there by Defendants' negligence.

<u>Facts Applicable to All Counts</u>

6.      On or around April 16, 2025, Miller was operating his 2014 black RAM 1500 (Iowa license plate KKZ907) southbound on Interstate 35 near the 55-mile marker in DeKalb County, Missouri.

7.      On or around April 16, 2025, Lara was operating a 2019 white Peterbilt 579 tractor (Texas license plate R4560HY), towing a 2011 Utility VS2 box trailer (Tennessee license plate 131980T), southbound on Interstate 35 near the 55-mile marker in DeKalb County, Missouri.

8.      At all relevant times, Royal Freight was Lara's employer and the motor carrier responsible for the 2019 Peterbilt tractor and its attached 2011 Utility trailer.

9.      On or around April 16, 2025, Miller and Lara were traveling southbound in the passing lane of Interstate 35.

10.     Miller was driving in front of Lara.

11.     Lara abruptly moved his tractor-trailer into the right lane, accelerated rapidly, and then attempted to reenter Miller's lane at a high rate of speed.

12.     During this maneuver, Lara's trailer struck the passenger side of Miller's vehicle.

13.     The impact forced Miller's vehicle into the median, where it came to a stop.

14.     Lara continued driving southbound and left the scene after the collision. Law enforcement later contacted Lara after coordinating with Royal Freight.

15.     At all times relevant, Miller was operating his vehicle lawfully, maintaining a proper lookout, and complying with all traffic laws.

16.     As a result of the collision, Miller sustained damage to his vehicle and suffered bodily injury, including injuries to his head, neck, back, shoulders, ligaments, tendons, muscles, and other soft tissues.

## Applicable Federal Motor Carrier Safety Regulations

17.     At all relevant times, Lara operated a commercial motor vehicle in interstate commerce and held a Commercial Driver's License (CDL).

18.     As a CDL holder operating a tractor-trailer, Lara was subject to the Federal Motor Carrier Safety Regulations (FMCSRs), 49 C.F.R. Parts 383 and 390-399.

19.     Under 49 C.F.R. § 392.2, commercial motor vehicles must be operated in compliance with the traffic laws of the jurisdiction in which they are being driven.

20.     Under 49 C.F.R. § 392.3, no driver may operate a commercial motor vehicle when the driver's ability or alertness is impaired through fatigue, illness, or any other cause such that it is unsafe to operate the vehicle.

21.     Under 49 C.F.R. § 383.51, leaving the scene of an accident is a "major offense" that mandates disqualification of a CDL for at least one year for a first offense.

22.     Royal Freight, as a motor carrier engaged in interstate commerce, was subject to the FMCSRs and was required to be knowledgeable of and comply with them and to require its drivers to comply with them. See 49 C.F.R. §§ 390.3 and 390.11.

23.     Royal Freight was required to employ only qualified drivers and to conduct the pre-employment safety investigation required by 49 C.F.R. § 391.23 and the annual driving-record review required by 49 C.F.R. § 391.25, and to maintain driver qualification files as required by 49 C.F.R. § 391.51.

24.     Royal Freight was required to ensure compliance with hours-of-service limits intended to prevent fatigue, including those set forth in 49 C.F.R. § 395.3, and to avoid scheduling or dispatching that would require unsafe speeding or other violations. See 49 C.F.R. § 392.6.

## COUNT I: NEGLIGENCE AGAINST ALL DEFENDANTS

25.     COMES NOW Plaintiff Troy Eugene Miller, by and for his claim for negligence against Lara and Royal Freight states as follows:

26.     Plaintiff adopts and reincorporates all above paragraphs herein.

27.     At all times relevant hereto, Lara had a duty to use the highest degree of care in the operation of his motor vehicle.

28.     Operating a commercial motor vehicle demands undivided attention because, as the Missouri Driver Guide explains, "[d]riving involves constant and complex coordination of the body and mind and as such requires undivided attention". See Missouri Driver Guide, 92, (2023).

29.     At all times relevant hereto, Lara held a Commercial Driver's License (CDL) and was subject to heightened safety duties, including duties imposed by the Federal Motor Carrier Safety Regulations (FMCSRs), 49 C.F.R. Parts 383 and 390-399, including 49 C.F.R. §§ 392.2 and 392.3.

30.     At all times relevant hereto, Lara breached such duties in the operation of his motor vehicle and was thereby negligent in the following particulars:

a.     Failing to keep a careful lookout;

b.     Failing to operate the tractor-trailer attentively and with undivided attention;

c.     Making an abrupt and unsafe lane change and attempting to reenter Miller's lane when it was not safe to do so;

d.     Accelerating rapidly and traveling at an excessive speed for conditions while overtaking Miller and cutting back into his lane;

e.     Failing to control, slow, brake, or warn to avoid collision when, by use of the highest degree of care, he could have done so;

Electronically Filed - DeKalb - December 16, 2025 - 04:39 PM

f.   Leaving the scene of the collision without stopping, providing identifying information, or rendering aid, in violation of § 577.060, RSMo, and 49 C.F.R. § 383.51.

31.   As a direct and proximate result of Lara's carelessness and negligence, Miller sustained serious injuries, including injuries to his neck, back, shoulder, head, tendons, ligaments, muscles, and surrounding tissues. Miller has suffered and will continue to suffer physical pain and suffering and mental and emotional distress. Miller has incurred and will continue to incur expenses for medical and health care, including surgical care, medical care, nursing care, physical and occupational therapy, orthopedic care, pharmacological treatment, massage therapy, rehabilitative therapy, diagnostic films, and the use of medical and rehabilitative devices. Miller has suffered lost wages in the past and will continue to suffer lost wages in the future.

32.   Royal Freight is vicariously liable for the negligent actions of its employee, Lara, which resulted in Miller's injuries.

33.   Miller has issued contemporaneously with service of this Petition a pre-judgment interest demand, in accordance with Mo. Rev. Stat. 408.040, that has not yet been fulfilled, as well as a demand under Mo. Rev. Stat. 537.065.

**WHEREFORE**, Plaintiff Miller, by and through counsel, prays for damages against Lara and Royal Freight in excess of $25,000.00, for the costs of this action, and for such other and further relief as the Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE

COMES NOW, Plaintiff Miller, and for his claim of negligence per se against Defendants, states as follows:

34.     All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

35.     At all times relevant hereto, Lara had a duty to use the highest degree of care in the operation of his motor vehicle under Missouri Revised Statute § 304.012. Lara also had a duty under Missouri Revised Statute § 577.060 to immediately stop, remain at or near the scene, provide identifying information, and render reasonable assistance after a motor vehicle collision. Lara further had duties under 49 C.F.R. § 392.2 and 49 C.F.R. § 383.51, as alleged above.

36.     At all times relevant hereto, Lara violated the above statutes and regulations and was thereby negligent per se in the following particulars:

    a.    Failing to keep a careful lookout;

    b.    Failing to operate a motor vehicle attentively;

    c.    Making an unsafe lane change and attempting to reenter Miller's lane when it was not safe to do so;

    d.    Failing to control his vehicle and to slow or brake to avoid collision;

    e.    Failing to leave a safe distance between his vehicle and other vehicles;

    f.    Failing to give warnings when, by use of the highest degree of care, he could have known there was a reasonable likelihood of a collision; and

g.    Failure to stop, remain at or near the scene, provide identifying information, and render reasonable assistance after the collision, in violation of § 577.060, RSMo, and 49 C.F.R. § 383.51.

37.    Plaintiff was in the class of people intended to be protected by § 304.012 RSMo and § 577.060 RSMo.

38.    Plaintiff's injuries are of the nature that § 304.012 RSMo and § 577.060 RSMo were designed to prevent.

39.    Lara's violations of § 304.012, RSMo, § 577.060, RSMo, and the FMCSRs pleaded above, including 49 C.F.R. § 392.2 and § 383.51, proximately caused Plaintiff's injuries and Lara was thereby negligent per se.

40.    Royal Freight is vicariously liable for the negligent actions of its employee, Lara, which resulted in Miller's injuries.

41.    Miller has issued contemporaneously with service of the Petition a pre-judgment interest demand, in accordance with Mo. Rev. Stat. 408.040, that has not yet been fulfilled.

WHEREFORE, Plaintiff, by and through counsel, prays for damages against Lara and Royal Freight in excess of $25,000.00, for the costs of the action and for such other and further relief as the Court deems just and proper.

## COUNT III: VICARIOUS LIABILITY AGAINST DEFENDANT DEFENDANT ROYAL FREIGHT LP

COMES NOW Plaintiff, by and for his claim of negligence by virtue of vicarious liability against Defendant Royal Freight, states as follows:

42.    Plaintiff Miller adopts and reincorporates all above paragraphs herein.

43.     At the time of Lara's negligence, Lara was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Royal Freight.

44.     All acts of negligence, as described above, on behalf of Lara, occurred within the course and scope of Lara's employment of, with, and for Royal Freight; and Royal Freight is vicariously liable for the actions or inactions of Lara in relation to Miller's injuries.

45.     Miller suffered severe injury as a direct and proximate result of the negligence of Defendants, and each of them, jointly, severally, and in combination with the negligence of co-defendants as set forth and alleged herein and hereinafter.

46.     Defendants, jointly and severally, caused Miller's collision by and through their negligence, and the negligence of their agents, servants, or employees without any contributing negligence on behalf of Miller.

47.     Miller has issued contemporaneously with service of this Petition a pre-judgment interest demand, in accordance with Mo. Rev. Stat. 408.040, that has not yet been fulfilled, as well as a demand under Mo. Rev. Stat. 537.065.

WHEREFORE, Plaintiff, by and through counsel, prays for damages against Royal Freight in excess of $25,000.00, for the costs of the action and for such other and further relief as the Court deems just and proper.

## COUNT IV: NEGLIGENT HIRING AND SUPERVISION AGAINST DEFENDANT ROYAL FREIGHT LP

COMES NOW Plaintiff Miller, by and for his claim of negligent hiring and supervision against Royal Freight, states as follows:

Electronically Filed - DeKalb - December 16, 2025 - 04:39 PM

48. Plaintiff adopts and reincorporates all above paragraphs herein.

49. Royal Freight was negligent in its hiring, retention, and supervision of Lara in any number of the following manners or particulars, including but not limited to:

    a. They lacked effective supervisory mechanisms to regularly evaluate and oversee the performance of its employees, ensuring adherence to safety standards and protocols;

    b. They failed to select a competent or fit team member;

    c. They hired or retained an unsafe and unqualified member who has had a history of traffic violations.

    d. Failing to conduct the pre-employment safety investigation required by 49 C.F.R. § 391.23;

    e. Failing to conduct the annual driving-record review required by 49 C.F.R. § 391.25;

    f. Failing to maintain complete driver qualification documentation as required by 49 C.F.R. § 391.51;

    g. Failing to require driver compliance with the FMCSRs as required by 49 C.F.R. §§ 390.3 and 390.11;

    h. Permitting or requiring operation in violation of hours-of-service requirements intended to prevent fatigue, including 49 C.F.R. § 395.3, and failing to avoid unsafe scheduling contrary to 49 C.F.R. § 392.6.

50.     Royal Freight, in their capacity as a commercial transportation and freight-hauling company, owed the general public, including Miller, a duty to determine the qualifications of its agents, servants, and employees, including compliance with applicable FMCSRs.

    a.    Adequately evaluating applicants before hiring them as drivers, agents, servants, and employees.

    b.    Adequately training and supervising said agents, servants, and employees to effectively perform the course of their duty while eliminating potential risk to the public.

    c.    Adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before they injure the public.

51.     Royal Freight had a duty to exercise ordinary care to not employ or retain any employee that they knew or should have reasonably foreseen posed a risk of harm to others through the type of mistake that injured Miller.

52.     As a direct and proximate result of the negligence of Royal Freight, and in combination with the negligence of Lara as set forth and alleged herein and hereinafter, Miller suffered serious injuries.

53.     Miller has suffered substantial damages because of the negligence of all named defendants, including past and future medical bills, past and future lost wages, and past and future pain and suffering.

54.     Miller has issued contemporaneously with service of this Petition a pre-judgment interest demand, in accordance with Mo. Rev. Stat. 408.040, that has not yet been fulfilled, as well as a demand under Mo. Rev. Stat. 537.065.

**WHEREFORE**, Plaintiff Miller requests the Court enter judgment against all Defendants, and each of them, jointly and severally, with all other Defendants in an amount in excess of $25,000.00 and set the case for jury trial to assess compensatory damages arising from the negligent conduct of all Defendants.

Respectfully submitted,

**OTT LAW FIRM, LLC**

BY: _____/s/ G. Jerry Chen_____
Joseph A. Ott          #67889
G. Jerry Chen          #76476
3544 Oxford Avenue
St. Louis, Missouri 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
Email: joe@ott.law; jerry@ott.law

*Attorneys for Plaintiff*

Electronically Filed - DeKalb - December 16, 2025 - 04:39 PM

**IN THE CIRCUIT COURT OF DEKALB COUNTY
STATE OF MISSOURI**

| | |
|---|---|
| TROY MILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>HECTOR LUIS LARA, and ROYAL FREIGHT, LP,<br><br>    Defendants. | Case No.<br><br>Division:<br><br>**Jury Trial Demanded** |

**MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**

COMES NOW Plaintiff, Troy Miller, and for his Motion for Appointment of Special Process Server, states as follows:

1. Mo. Rev. Stat. 506.140 provides that "some person, other than a sheriff or coroner, may be specially appointed by the court or the circuit clerk following procedures established by local court rules for service of process in any cause, but such appointment shall be valid for service of the process only for which such person was specially appointed."

2. Plaintiff requests that the following person be designated a special process server for Defendant Hector Luis Lara:

   Gerardo Chavez – Licit Civil Process Service
   Address: P.O. Box 623, Brownsville, Texas 78520; Phone: (956) 755-9894

3. Plaintiff requests that the following person be designated a special process server for Defendant Royal Freight LP:

   Oscar Ortega – Access Legal Support
   Address: P.O. Box 6752, McAllen, Texas 78502; Phone: (956) 789-8822

Electronically Filed - DeKalb - December 16, 2025 - 04:39 PM

**WHEREFORE**, Plaintiff requests that the above-named people be designated special process servers in this matter, and for any other relief as may be just and proper.

**SO ORDERED,**

_____

**JUDGE, DIVISION: __**

Respectfully submitted,

**OTT LAW FIRM, LLC**

BY: _____/s/ G. Jerry Chen_____
Joseph A. Ott          #67889
G. Jerry Chen          #76476
3544 Oxford Avenue
Maplewood, Missouri 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
Email: joe@ott.law; jerry@ott.law

*On behalf of Plaintiff*

Electronically Filed - DeKalb - December 16, 2025 - 04:39 PM

**IN THE CIRCUIT COURT OF DEKALB COUNTY**
**STATE OF MISSOURI**

TROY MILLER,

       Plaintiff,

       v.

HECTOR LUIS LARA, and ROYAL
FREIGHT, LP,

       Defendants.

Case No.

Division:

**Jury Trial Demanded**

<u>**ENTRY OF APPEARANCE**</u>

       COME NOW, Joseph A. Ott and G. Jerry Chen of Ott Law Firm, LLC, and enter their appearance on behalf of Plaintiff Troy Miller in the above-captioned matter.

       Respectfully submitted,

       **OTT LAW FIRM, LLC**

       BY: _____ */s/ G. Jerry Chen* _____
       Joseph A. Ott     #67889
       G. Jerry Chen    #76476
       3544 Oxford Avenue
       Maplewood, Missouri 63143
       Telephone: (314) 293-3756
       Facsimile: (314) 689-0080
       Email: joe@ott.law; jerry@ott.law

       *On behalf of Plaintiff*

## IN THE CIRCUIT COURT OF DEKALB COUNTY
## STATE OF MISSOURI

TROY MILLER,

        Plaintiff,

        v.

HECTOR LUIS LARA, and ROYAL
FREIGHT, LP,

        Defendants.

Case No.  25DK-CC00053

Division:  1

**Jury Trial Demanded**

## PROPOSED ORDER APPOINTING SPECIAL PROCESS SERVERS

Plaintiff's Motion for Appointment of Special Process Server is taken up and submitted to the Court without hearing. The Court, having reviewed the Motion and being duly advised, finds that pursuant to Mo. Rev. Stat. § 506.140, the requested appointments should be granted.

IT IS ORDERED that Plaintiff's Motion is GRANTED.

1.      Gerardo Chavez (Licit Civil Process Service) is appointed as Special Process Server to serve process on Defendant Hector Luis Lara in this cause.

Address: P.O. Box 623, Brownsville, Texas 78520

Phone: (956) 755-9894

2.      Oscar Ortega (Access Legal Support) is appointed as Special Process Server to serve process on Defendant Royal Freight LP in this cause.

Address: P.O. Box 6752, McAllen, Texas 78502

Phone: (956) 789-8822

Each appointment is limited to service of the process issued in this case upon the above-named defendant, and the special process servers shall make return of service in accordance with Missouri law and applicable court rules.

**SO ORDERED,**

_Julie Whitsell_
XXXXXXXXXXXXXXXXXXXXXX
Julie Whitsell, Circuit Clerk

COURT SEAL OF

Dated: December 18, 2025

DEKALB COUNTY



# Summons in Civil Case

IN THE 43RD JUDICIAL CIRCUIT, DEKALB COUNTY, MISSOURI

| Judge or Division:<br>RYAN WESLEY HORSMAN | Case Number: 25DK-CC00053 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TROY MILLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GUOLONG CHEN<br>PO 179192<br>ST LOUIS, MO 63117 | |
| Defendant/Respondent:<br>LARA LUIS HECTOR | Court Address:<br>109 W MAIN<br>P O BOX 248<br>MAYSVILLE, MO 64469 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

The State of Missouri to:  **LARA LUIS HECTOR**
**Alias:**
**1155 CALLE TERRESTRE**
**BROWNSVILLE, TX 78520**

Other Addresses:

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***



***DEKALB COUNTY***

06-JAN-2026
Date

By: Mikayla Glaubius, Deputy Clerk
Clerk

Further Information:

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-1**
1 of 2 (25DK-CC00053)
Case 5:26-cv-06036-DGK    Document 1-1    Filed 02/25/26    Page 9 of 28
Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____     _____
Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                          Date                          Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 5:26-cv-06036-DGK     Document 1-1     Filed 03/25/26     Page 20 of 28



# Summons in Civil Case

IN THE 43RD JUDICIAL CIRCUIT, DEKALB COUNTY, MISSOURI

| Judge or Division:<br>RYAN WESLEY HORSMAN | Case Number:  25DK-CC00053 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TROY MILLER | Plaintiff's/Petitioner's Attorney/Address<br>GUOLONG CHEN<br>PO 179192<br>ST LOUIS, MO  63117 | |
| vs. | | |
| Defendant/Respondent:<br>LARA LUIS HECTOR | Court Address:<br>109 W MAIN<br>P O BOX 248<br>MAYSVILLE, MO  64469 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

The State of Missouri to:    ROYAL FREIGHT, LP
                      **Alias:**
                      **407 WEST SIOUX ROAD**
                      **PHARR, TX  78577**

    **Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**DEKALB COUNTY**

<u>       06-JAN-2026       </u>
Date

By: Mikayla Glaubius, Deputy Clerk
Clerk

**Further Information:**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____     _____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                        Date                        Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-2**
4 of 2 (25DK-CC00053)
Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20, 506.120 – 506.140, and 506.150 RSMo
Case 5:26-cv-06036-DGK    Document 1-1    Filed 02/25/26    Page 22 of 28

## IN THE CIRCUIT COURT OF DEKALB COUNTY
## STATE OF MISSOURI

TROY MILLER,

      Plaintiff,

      v.

ROYAL FREIGHT LP, et al,

      Defendants.

Case No.  25DK-CC00053

Division:  1

## NOTICE OF CHANGE OF ADDRESS

      PLEASE TAKE NOTICE that, effective January 8, 2026, the undersigned and

Ott Law Firm LLC have moved to the new address below:

      Ott Law Firm LLC
      75 W Lockwood Ave, Suite 1
      St. Louis, MO 63119

      Respectfully submitted,

      **OTT LAW FIRM, LLC**

      BY: _____*/s/ G. Jerry Chen*_____
      Joseph A. Ott    #67889
      G. Jerry Chen    #76476
      75 W Lockwood Ave, Ste 1
      St. Louis, Missouri 63119
      Telephone: (314) 293-3756
      Facsimile: (314) 689-0080
      Email: joe@ott.law; jerry@ott.law

      *Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 8th day of January, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, using the Court's electronic filing system, which will send notification of the following to all counsel of record.

_____ /s/ G. Jerry Chen _____

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☑ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with ___Genovera LARA___, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _1155 Calle Terrestre, Brownsville TX 78520_ (address)

in _Cameron_ (County/~~City of St. Louis~~), ~~MO~~ TX, on _1/27/2026_ (date)

at _5:30 pm_ (time).

___Antonio Huizar Jr.___

Printed Name of Officer or Server



Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

(Seal)   Subscribed and sworn to before me on _1/27/2026_ (date).

My commission expires: _02/20/2028_ _____ /Notary Public
                          Date

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

```
NORMA ALICIA RAMOS
Notary Public, State of Texas
Comm. Expires 02-20-2028
Notary ID 130545392
```

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-1**
2 of 2 (25DK-CC00053)
Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:26-cv-06036-DGK    Document 1-1    Filed 02/25/26    Page 25 of 28

Electronically Filed - DEKALB - January 27, 2026 - 10:43 PM

## Summons in Civil Case

IN THE 43RD JUDICIAL CIRCUIT, DEKALB COUNTY, MISSOURI

| Judge or Division:<br>RYAN WESLEY HORSMAN | Case Number: 25DK-CC00053 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TROY MILLER | Plaintiff's/Petitioner's Attorney/Address<br>GUOLONG CHEN<br>PO 179192<br>ST LOUIS, MO 63117 | |
| vs. | | |
| Defendant/Respondent:<br>LARA LUIS HECTOR | Court Address:<br>109 W MAIN | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | P O BOX 248<br>MAYSVILLE, MO 64469 | (Date File<br>Stamp for<br>Return) |

The State of Missouri to: **LARA LUIS HECTOR**
 **Alias:**
 **1155 CALLE TERRESTRE**
 **BROWNSVILLE, TX 78520**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**DEKALB COUNTY**

_____
06-JAN-2026
Date

_Ann Whitann_ By: Mikayla Glaubius, Deputy Clerk
_____
Clerk

**Further Information:**

SJRC (07-25) SM30 (SMCC) _For Court Use Only:_ **Document ID # 26-SMCC-1**
1 of 2 (25DK-CC00053)
Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 5:26-cv-06036-DGK    Document 1-1    Filed 02/25/26    Page 26 of 28

Electronically Filed - DEKALB - February 03, 2026 - 03:45 PM



# Summons in Civil Case

IN THE 43RD JUDICIAL CIRCUIT, DEKALB COUNTY, MISSOURI

| Judge or Division:<br>RYAN WESLEY HORSMAN | Case Number: 25DK-CC00053 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TROY MILLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GUOLONG CHEN<br>PO 179192<br>ST LOUIS, MO  63117 | |
| Defendant/Respondent:<br>LARA LUIS HECTOR | Court Address:<br>109 W MAIN | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | P O BOX 248<br>MAYSVILLE, MO  64469 | |

The State of Missouri to:  **ROYAL FREIGHT, LP**
**Alias:**
**407 WEST SIOUX ROAD**
**PHARR, TX  78577**

Other Addresses:

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**DEKALB COUNTY**

06-JAN-2026
Date

*Mui Whitam* By: Mikayla Glaubius, Deputy Clerk
Clerk

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-2**
3 of 2 (25DK-CC00053)
Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - DEKALB - February 03, 2026 - 03:45 PM

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

_Sheri W. Head_____ (name) _Registered Agent_ (title).

☐ other: _____.

Served at _407 West Sioux Road,_____ (address)

in _Pharr, Hidalgo Co. Texas_ (County/City of St. Louis), MO, on _Feb. 3, 2026_ (date)

at _9:26 a.m._ (time).

_Oscar Ortega #3155_                         [signature]
Printed Name of ~~Officer~~ or Server          Signature of ~~Officer~~ or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _February 3, 2026_ (date),

My commission expires: _4-3-29_                         [signature]
                          Date                          Notary Public

MARISOL ROSARIO LUERA
Notary Public, State of Texas
Comm. Expires 04-03-2029
Notary ID 2910884

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-2**
4 of 2 (25DK-CC00053)                    Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                         54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 5:26-cv-06036-DGK      Document 1-1      Filed 02/25/26      Page 28 of 28